CORNELIUS J. THORNTON *v.* ESTELLA HOLLAND.

INFANTS.  *Contracts.  Rescission.*

> A court of equity, at the suit of an infant, seasonably instituted, will, because of her infancy, cancel a contract made by her for the erection of a house, and a deed of trust given by her to secure the unpaid contract price, and decree a return of the cash payment made by her on the contract, less compensation to the builder for expenses *bona fide* incurred in carrying out the contract.

FROM the chancery court of Warren county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Miss Holland, the appellee, was the complainant in the court below; Thornton, the appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court.

The complainant, a young woman less than twenty-one years of age, sued by her next friend, the object of the suit being to cancel, because of her infancy, a contract made by her with the defendant, Thornton, a builder of houses, for the construction of a residence on a lot of land owned by her, and a deed of trust given by her on said lot to secure the unpaid portion of the con-

tract price, and for the return of the advance payment made by her upon the contract.

The court below by its final decree canceled the contract and deed of trust and gave a personal decree against defendant for the sum of the advance payment made to him, less compensation for expenses *bona fide* incurred by defendant in efforts to carry out the contract.

*Bryson & Dabney,* for appellant.

The evidence shows conclusively, we think, that the money paid to appellant did not belong to the girl at the time it was paid. The burden was upon complainant to show that this money was hers, and this burden has not been met. This being the case, it matters not whether the contract made by the mother was on her own account or for the benefit of the appellee.

If the mother was acting as the girl's agent, she was guilty of a fraud in not disclosing to appellant the fact that she was acting for an irresponsible person, and the right of appellant to be protected against such fraudulent act cannot be affected by any supposed after-acquired rights of appellee.

The money in question not being the property of appellee, and she being unable to acquire any rights therein, as against appellant, the final decree herein is erroneous and should be reversed.

*J. H. Short,* and *W. J. Voller,* for appellee.

The learned chancellor has decided after considering all the evidence that the money paid belonged to the complainant, and his finding of fact will not be disturbed. *Davis* v. *Richardson,* 45 Miss., 499; *Vaughn* v. *Commercial Bank,* 18 South. Rep., 270; *Mutual Life Insurance Co.* v. *Herron,* 79 Miss., 381 (s.c., 30 South. Rep., 691); *Young* v. *Elgin,* 27 South. Rep., 595.

It is contended by counsel for appellant that if the mother made the contract acting as agent for the minor, and acted fraudulently, appellee cannot recover; but the courts have gone so far as to hold that "even the fact that the other party was induced to

enter into the contract by the infant's misrepresentations that he was of age will not, at common law, estop the infant from afterwards repudiating it." 16 Am. & Eng. Ency. Law, 291; *Sims* v. *Everhardt,* 102 U. S., 300, and cases cited.

CALHOON, J., delivered the opinion of the court.

Estella Holland, the complainant and appellee, was under the age of twenty-one years. There is evidence that she contracted with Thornton, defendant and appellant, to build for her a house for a certain sum, and that he received from her $120, the advance payment agreed upon, and took from her a trust deed to secure the remaining installments. His own written receipt is to her, and he took the money as hers, which makes it unimportant whether it was given to her by her mother or not. In order to commence the building it was necessary to tear down an old house. This much Thornton did, and quit. The evidence is conflicting as to why he quit. We assume it was because he learned of complainant's minority, since he offered to pay the expense of having her disability removed by the chancery court. The chancellor, from his view of the facts—which we accept and agree with—was right in annulling the contract, canceling the trust deed, and ordering the money paid to Thornton to be restored to the minor. He allowed Thornton to retain enough of the money to compensate for the expense of tearing down the old structure, thus preventing hurt to him.

*Affirmed.*